J-S57034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DEMAR CAMPBELL, | : | |
| | : | |
| Appellant | : | No. 725 EDA 2017 |

Appeal from the PCRA Order December 22, 2015
in the Court of Common Pleas of Lehigh County,
Criminal Division, No(s):  CP-39-CR-0001266-2013

BEFORE:  PANELLA, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:  **FILED OCTOBER 27, 2017**

Demar Campbell ("Campbell") appeals from the Order denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  Additionally, Campbell's appointed counsel, Matthew J. Rapa, Esquire ("Attorney Rapa"), has filed a Petition to Withdraw as counsel, and an accompanying brief.[1]  We grant Attorney Rapa's Petition to Withdraw and affirm the PCRA court's Order.

The trial court previously set forth the relevant factual history as

---

[1] Attorney Rapa's appellate brief appears to be in the nature of a brief filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal.  When, as in this case, counsel seeks to withdraw from representation on collateral appeal, the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), are applicable.  However, because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** "no-merit" letter.  **See Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

J-S57034-17

follows:

> Anisha Bryan [("Bryan")] testified that she had a romantic relationship with [Campbell] that began around September of 2011. During this relationship, [Campbell] resided with [] Bryan at her residence in Emmaus, Pennsylvania. She ended the relationship with [Campbell] in June or July of 2012[,] at which point [Campbell] moved out of [] Bryan's home. The two remained on speaking terms.
>
> [] Bryan testified that on the evening of February 7, 2013, [Campbell] telephoned her for a car ride. [] Bryan agreed[,] so [at] about 1:00 a.m. on February 8, she drove her Mercury Mountaineer from her residence in Emmaus to pick up [Campbell,] who was waiting for the ride on Seventh Street in Allentown. When [Campbell] entered the Mercury, [he] placed a small knife in a cup holder between the driver's seat and the front passenger seat. [Campbell] appeared intoxicated to [] Bryan. [] Bryan moved the knife to the panel on the driver's side door. [Campbell] would not tell [] Bryan where he wanted to be driven[,] so [] Bryan decided to drive with [Campbell] to the Walmart in Trexlertown to [d]o some shopping.
>
> During the drive from Allentown to Trexlertown, [Campbell] attempted to persuade [] Bryan to renew their relationship. [] Bryan refused and they began to argue. [Campbell] became agitated and swung his hands. This led [] Bryan to stop her car and get out of it. [Campbell] moved from the passenger seat to the driver's seat. [] Bryan returned to the passenger seat and [Campbell] proceeded to drive [toward] Walmart.
>
> During the drive, [Campbell] and [] Bryan continued to argue. [Campbell] pulled the Mercury over on Trexlertown Road in Upper Macungie Township. A portion of the parked vehicle was on the roadway. [] Bryan exited the vehicle and [Campbell] followed her. The two argued loudly. There was physical contact between them[,] which included [Campbell] shoving [] Bryan in her torso. As the argument continued, the two reentered the car with [Campbell] in the driver's seat and [] Bryan in the passenger seat. When she sat down, [] Bryan felt pain and realized she had been stabbed in her left side.

Trial Court Opinion, 2/14/14, at 3-4.

On August 28, 2013, a jury found Campbell guilty of two counts of aggravated assault, and one count each of simple assault and possession of an instrument of crime. The trial court found Campbell guilty of driving under the influence – incapable of safe driving, driving under the influence – high rate of alcohol, harassment, and driving while under suspension. The trial court sentenced Campbell to an aggregate term of 66 months and 2 days to 138 months in prison.

This Court affirmed Campbell's judgment of sentence on October 27, 2014. *See Commonwealth v. Campbell*, 108 A.3d 123 (Pa. Super. 2014) (unpublished memorandum). Campbell did not seek review by the Pennsylvania Supreme Court.

Campbell, *pro se*, filed a PCRA Petition on September 24, 2015. The PCRA court appointed Campbell counsel, who filed an Amended PCRA Petition on Campbell's behalf. The PCRA court conducted a hearing and subsequently denied Campbell's Petition.

Campbell, through counsel, filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. By Order dated March 14, 2016, this Court dismissed Campbell's appeal for failure to file a docketing statement, pursuant to Pa.R.A.P. 3517.[2]

On June 20, 2016, Campbell filed a second PCRA Petition, arguing, *inter alia*, that his PCRA counsel was ineffective for failing to comply with

---

[2] The Order was entered on the PCRA court's docket on May 11, 2015.

Pa.R.A.P. 3517. The PCRA court appointed Attorney Rapa to represent Campbell. Attorney Rapa subsequently filed a Motion to Withdraw as Counsel. Attorney Rapa also filed a court-ordered Supplemental Response on the issue of whether Campbell's first PCRA counsel had effectively abandoned him, and requested a hearing to determine whether Campbell had exercised due diligence upon learning of the status of his appeal. On January 30, 2017, following a hearing, the PCRA court granted Campbell's second Petition, and granted Campbell leave to file, *nunc pro tunc*, a Notice of Appeal from the Order dismissing his first Petition.

Campbell, through counsel, filed a Notice of Appeal on February 21, 2017. The PCRA court ordered Campbell to file a concise statement. Attorney Rapa filed a Statement of Intent to Withdraw as Counsel in lieu of a concise statement. On March 30, 2017, Attorney Rapa filed a Petition to Withdraw as Counsel.

Before addressing Campbell's claims, we must determine whether Attorney Rapa complied with the requirements of **Turner**/**Finley** in petitioning to withdraw as counsel. Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Such independent review requires proof of

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The [] court conducting its own independent review of the record; and

5) The [] court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted).

Here, Attorney Rapa indicated that he had thoroughly reviewed the record, identified the issues that Campbell seeks to raise, and explained why the issues lack merit. In addition, Attorney Rapa sent Campbell copies of the ***Turner***/***Finley*** brief and Petition to Withdraw, and advised him of his rights in lieu of representation in the event that the court granted Attorney Rapa permission to withdraw, in compliance with ***Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011). Thus, we conclude that Attorney Rapa has substantially complied with the requirements necessary to withdraw as counsel. ***See Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the ***Turner***/***Finley*** criteria).

We now independently review Campbell's claims to ascertain whether they entitle him to relief.

> We review and order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's

ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted). Additionally, "where the record supports the PCRA court's credibility determinations, such determinations are binding on a reviewing court." ***Commonwealth v. Davis***, 17 A.3d 297, 305 (Pa. 2011).

In the ***Turner/Finley*** brief, Attorney Rapa raises three issues, each of which challenges the effectiveness of Campbell's trial counsel.[3]

> It is well-settled that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." ***Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa. Super. 2016) (citation omitted).

In his first claim, Campbell argues that his trial counsel was ineffective for failing to obtain Campbell's cell phone and retrieve relevant data from

---

[3] Campbell did not file a separate *pro se* brief, nor did he retain alternate counsel for this appeal.

the phone.[4]  ***Turner***/***Finley*** Brief at 7.  Campbell claims that he could use his cell phone to cast doubt on Bryan's credibility by presenting evidence that he had not called Bryan earlier in the night.  ***Id.*** at 8.

On direct review, this Court considered the issue of whether the trial court erred in denying Campbell's request for a continuance for the purpose of learning what data it contained.  Relevantly to this appeal, this Court stated as follows:

> [A]ny information that [Campbell] would have been able to recover from the cell phone would not have been relevant to the central issue in this case, *i.e.*, whether [Campbell] stabbed Bryan on the side of the road.  Whether Bryan contacted [Campbell] first or vice versa was immaterial to what occurred once Bryan and [Campbell] had a confrontation on the side of the road.

***Campbell***, 108 A.3d 123 (unpublished memorandum at 15).  We agree that such evidence is not relevant to the issue of whether Campbell committed the assault.  Thus, the underlying legal claim lacks arguable merit, and Campbell is not entitled to relief on this issue.

In his second claim, Campbell contends that his trial counsel was ineffective for failing to obtain video surveillance footage from the bar where Campbell and Bryan were seen together prior to the incident. ***Turner***/***Finley*** Brief at 7.

---

[4] During trial, Campbell requested a continuance in order to charge his cell phone, which had been seized by police, and determine whether he could extract any relevant information.  The trial court denied Campbell's request.

During the PCRA hearing, trial counsel testified that he had contacted the bar by telephone, at Campbell's request, and was told by the bar manager that there was no video from the night of the stabbing. *See* N.T., 12/17/15, at 25. The PCRA court credited trial counsel's testimony, and we are bound by that determination, as it is supported by the record. *See Davis*, 17 A.3d at 305. Additionally, as the PCRA court noted, Campbell cannot establish that he was prejudiced by the alleged error because "even if a video did exist, what transpired between [Bryan] and [Campbell] at the bar in the hours before the stabbing is irrelevant to whether [Campbell] stabbed [Bryan]." PCRA Court Opinion, 12/23/15, at 4. Therefore, Campbell is not entitled to relief on this claim.

In his third claim, Campbell asserts that trial counsel was ineffective for failing to communicate Campbell's decision to accept a negotiated plea offer. *Turner*/*Finley* Brief at 7.

During the PCRA hearing, Campbell testified that the Commonwealth had offered him a plea deal for time served, and he told trial counsel he would take the deal. *See* N.T., 12/17/15, at 10-11. Trial counsel testified that "Campbell was not satisfied with any offer that was actually, in fact, made to him." *Id.* at 23. According to trial counsel, Campbell wanted to plead guilty to simple assault in exchange for time served (*i.e.*, 6 to 12 months), but that plea deal was never offered by the Commonwealth. *See id.* at 23-24, 32. Trial counsel also testified that the Commonwealth offered

a plea deal for a minimum of 18 months in prison, with no agreement as to the maximum sentence, but that Campbell refused the offer. ***See id.*** at 24, 32, 33; ***see also id.*** at 13-14 (wherein Campbell testified that he did not accept the Commonwealth's offer because it did not include an agreement regarding the maximum sentence). The PCRA court credited trial counsel's testimony, and concluded that there is no evidence to support Campbell's contention. ***See*** PCRA Court Opinion, 5/2/17, at 4. The record supports the PCRA court's credibility determinations. ***See Davis***, 17 A.3d at 305. Because Campbell was unable to prove at the PCRA hearing that the Commonwealth offered him a plea deal for 6 to 12 months, his final issue lacks arguable merit, and he is not entitled to relief on this claim.

Finally, our independent review of the record indicates that the Petition is without merit. ***See Pitts***, 981 A.2d at 876 n.1. Accordingly, we grant Attorney Rapa's Petition to Withdraw and affirm the Order denying Campbell's Petition.

Petition to Withdraw granted; Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017

- 9 -